# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE:
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2771

E-mail Address
sricciardi@stblaw.com

September 3, 2021

BY ECF

Honorable Paul A. Engelmayer
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

       Re: Gill v. National Football League, et al., 21 Civ. 01032 (PAE)

Dear Judge Engelmayer:

  Pursuant to Rule 2.C of the Court's Individual Rules, I write on behalf of Defendants National Football League and NFL Enterprises LLC ("Defendants") to request that the Court stay discovery in the above-referenced case pending decision on Defendants' Motion to Dismiss the First Amended Complaint (ECF Nos. 23 (First Amended Complaint) and 25, 26, 31 and 33 (Motion to Dismiss and briefing in respect of Motion to Dismiss). This is a contract action in which Defendants moved to dismiss the Complaint, followed by the Amended Complaint, for the basic reason that Plaintiff has named the wrong defendants. Plaintiff's written contractual relationship for the Game Pass Pro subscription is with third-party entities that are outside the United States, not with Defendants, and is otherwise subject to the jurisdiction of the courts of Australia, where Plaintiff lives. This is reflected in the contract documentation that was incorporated by reference in Plaintiff's Amended Complaint. If the Motion to Dismiss is granted, the case will be disposed of in its entirety.

  While the Motion to Dismiss has been pending, Plaintiff has sought to commence a full-scale, merits discovery process. Defendants have engaged in good faith discussions with Plaintiff pursuant to Federal Rule of Civil Procedure 26(f), and it has become clear from those discussions that Plaintiff is not amenable to any stay of discovery but rather wants to pursue discovery on an expedited basis, and that the parties have considerable disagreements over how any discovery process should proceed, if the case is not dismissed. In particular, it has become apparent that absent relief from the Court, Defendants will need to expend considerable further time and expense to continue addressing the subject of discovery, notwithstanding that Plaintiff has sued the wrong parties; and that Plaintiff seeks to use near-term discovery essentially as a stalking horse to see if he can, via Defendants, construct a case

Simpson Thacher & Bartlett LLP

Honorable Paul A. Engelmayer                                -2-                                September 3, 2021

against the third-party entities (outside the United States, and not before the Court), when Plaintiff has not even alleged any claims against those third parties, and could not do so in this jurisdiction. Defendants consider this cart-before-the horse approach an inappropriate use of the discovery rules and, faced with the prospect of Plaintiff's aggressive pursuit of discovery, resulting in further cost and burden, Defendants are constrained to formally request a stay of discovery until the Court has had an opportunity to rule on the Motion to Dismiss.

Under Federal Rule of Civil Procedure 26(c), the Court "has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause." *Magee v. Walt Disney Co.*, 2020 WL 8815489, at *1 (S.D.N.Y, Jun. 10, 2020). Courts may stay discovery pending resolution of a motion to dismiss where, as here, "the disposition of the dismissal motion[] may significantly narrow, if not eliminate, the issues remaining in the case" and where "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." *Id.* at *2 (citing *Spinelli v. Nat'l Football League,* 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). In determining whether to stay discovery pending resolution of a motion to dismiss, courts generally consider three factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). All three factors weigh in favor of a stay here.

**Breadth of discovery.** Plaintiff seeks to commence full merits discovery now with respect to allegations that purport to span over six years and, if class certification is granted, would involve hundreds of thousands of individual, online consumers who, on Plaintiff's own pleading, may or may not have signed up to the same or differing contract terms over that span of time, and may or may not have engaged with the same entities in doing so. (Am. Compl. ¶¶ 5, 6, 12, 30). Courts have stayed discovery pending decision on a motion to dismiss where "the breadth of the discovery sought in th[e] action will cover a six-year period." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see also O'Sullivan*, 2018 WL 1989585, at *8 (stay granted where plaintiff sought documents spanning "many years").

**Prejudice**. This case is in its early stages, and Plaintiff will not be prejudiced by a brief stay of discovery pending resolution of the Motion to Dismiss. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2. Conversely, Plaintiff should not be at liberty to use the discovery process, particularly pending a motion to dismiss premised on the fact that Defendants are wrongly named, as a stalking horse for some new and different case, as yet unalleged, against the third-party entities that actually contracted with Plaintiff and provided the live-stream services that are the subject of his claims. All the more so when Plaintiff has already amended his original complaint, which Defendants had moved to dismiss on the same grounds. This is not an appropriate use of the discovery rules and is prejudicial to Defendants (who should not have to bear the burden of discovery for this purpose) and to third parties who are not before the Court and in respect of whom any substantive claim belongs in a different jurisdiction.

**Strength of the Motion.** In applying this factor, the Court need "not predict the outcome of Defendant's motion," but instead need only undertake an "initial review" to

Simpson Thacher & Bartlett LLP

Honorable Paul A. Engelmayer

-3-

September 3, 2021

determine whether the "motion to dismiss 'is potentially dispositive, and appears to be not unfounded in the law.'" *Boelter v. Hearst Communications, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016); *see Integrated Sys.,* 2009 WL 2777076, at *1 (same). It is well-established that a plaintiff "is not entitled to discovery, cabined or otherwise," where the "complaint is deficient under Rule 8." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery."). Here, the Motion to Dismiss is premised on the written, online contract terms that Plaintiff himself alleges as the basis for his claims and therefore incorporated by reference (but did not put before the Court), and which show that Plaintiff contracted with third-parties, and not with Defendants, for the live-stream services he purchased in Australia. Because Defendants' arguments are straightforward, premised on a written contract, and dispositive of this case in its entirety for the simple reason that Defendants are not the correct contractual counterparties, Defendants respectfully submit that their Motion is precisely the sort of motion that warrants a stay of discovery.

For the foregoing reasons, the Court should stay discovery pending resolution of the Motion to Dismiss.

Respectfully submitted,

*/s/ Sara A. Ricciardi*

Sara A. Ricciardi