# POLLOCK | COHEN LLP
60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

Raphael Janove
Rafi@PollockCohen.com
(215) 667-8607

October 5, 2021

**VIA ECF**

Judge Paul A. Engelmayer
United States District Court
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Gill v. National Football League, et al.*, No. 21 Civ. 1032
               Joint Letter for Rule 16(c) Conference

Dear Judge Engelmayer:

      Pursuant to your Honor's Individual Rule 2.B., Plaintiff Sietel Singh Gill and Defendants National Football League ("NFL") and NFL Enterprises LLC ("NFLE") submit this joint letter in connection with their proposed Civil Case Management Plan and Scheduling Order and the Parties' Initial Case Management Conference, set for October 12, 2021.

      The Parties conducted their Rule 26(f) conferences on July 21 and September 1, 2021. The Parties also met with Defendants' newly substituted counsel on October 4, 2021.

      To date, the Parties have been unable to agree on a discovery schedule. Accordingly, Plaintiff's proposed schedule and case management plan is enclosed as Exhibit A. Because Defendants seek to stay discovery pending their motion to dismiss, no counterproposal is being submitted.

      **Plaintiff's Description of the Case**

      As outlined in the First Amended Complaint ("FAC") (ECF No. 23), Plaintiff brings this putative class action on behalf of himself and other purchasers of NFL's "Game Pass" subscription (i.e., a streaming service provided by Defendants to watch United States football games for the 2019–20 season, including the Super Bowl). As a result of Defendants' alleged failures, Game Pass crashed multiple times during the Super Bowl, resulting in Plaintiff and the proposed class members' inability to livestream crucial portions of the game, including the final three minutes when the teams were locked in a one-score game. Plaintiff's complaint further alleges claims

for breach of contract, breach of implied warranty of merchantability, or, in the alternative, unjust enrichment.

### Defendants' Position With Respect to Plaintiff's Claims

Defendants dispute Plaintiff's above factual contentions, and Defendants have filed a motion to dismiss the FAC, or in the alternative strike the class allegations, which are defective on the face of the FAC. *See* ECF No. 25. Plaintiff has not sufficiently alleged the existence of a contract between himself and Defendants for the international "Game Pass Pro" subscription at issue, nor could he, as Plaintiff did not purchase the subscription from Defendants and neither the NFL nor the NFLE provides or operates Game Pass Pro. Indeed, the only contract the FAC incorporates establishes that Plaintiff instead acquired his international Game Pass Pro subscription from unaffiliated third parties (i.e., Overtier Operations and Deltatre S.p.A.) located in the Cayman Islands and Italy, that provide and operate the Game Pass Pro product to which certain non-US customers subscribe. Those contract terms are governed, in Plaintiff's case, by Australian law and are subject to the jurisdiction of the Australian courts.

Plaintiff's class allegations are similarly without merit. The proposed class lacks Article III standing and the class allegations are based on highly individualized circumstances and the subjective beliefs of potentially hundreds of thousands of individuals who contracted, not with Defendants, but rather with the third parties identified above.

### Contemplated Motions

The Parties' briefing on Defendants' motion to dismiss was completed on June 24, 2021. *See* ECF Nos. 25, 31, and 33. Plaintiff has requested oral argument on the motion (*see* ECF No. 32), while Defendants believe that argument is unnecessary. Defendants have also requested a stay of discovery (pending this Court's decision on the motion), which Plaintiff opposes. *See* ECF Nos. 37 & 39.

If Defendants' motion and requested stay is denied, Plaintiff intends to engage in fact and expert discovery, and then move for class certification. Because this dispute is a relatively straightforward, Plaintiff believes that separating "merits" discovery from "class" discovery would be inefficient and confuse the issues unnecessarily. Defendants intend to seek bifurcation of any discovery, such that merits discovery shall not commence until after any motion by Plaintiffs for class certification has been decided.

The Parties further anticipate filing motions for summary judgment and/or summary adjudication on similar grounds. And, while the Parties intend to

cooperate with each other in discovery (*see* Local Civ. R. 26.4), the Parties also contemplate filing discovery-related motions as necessary.

### **Prospect for Settlement**

Plaintiff has expressed his interest in exploring settlement, but Defendants have rejected such overtures. Defendants have also rejected Plaintiff's request for documents in aid of settlement, including (a) copies of the terms and conditions applicable to Game Pass since Plaintiff's initial subscription in 2013; and (b) copies of the agreements (the existence of which Defendants do not deny) made between Defendants and the purportedly responsible "third-parties," Overtier Operations and Deltatre S.p.A.

Respectfully submitted,

/s/ *Raphael Janove*

Christopher K. Leung
Raphael Janove
**Pollock Cohen LLP**
60 Broad St., 24th Fl.
New York, NY 10004
Telephone: (212) 337-5361
Chris@PollockCohen.com
Rafi@PollockCohen.com

*Counsel for Plaintiff Sietel Singh Gill and the Proposed Class*

/s/ *Thomas A. Leghorn*

Thomas A. Leghorn
**London Fischer LLP**
59 Maiden Ln, FL 41
New York, NY 10038
Telephone: (212) 331-9555
tleghorn@londonfischer.com

*Attorneys for Defendants National Football League and NFL Enterprises LLC*

Enclosures

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SIETEL SINGH GILL, individually and on behalf of other similarly
situated individuals,

                                  Plaintiff(s),                  1:21-cv-01032-PAE
        -v-

NATIONAL FOOTBALL LEAGUE, a New York unincorporated
association, and NFL ENTERPRISES, LLC, a Delaware limited       CIVIL CASE
liability company,                                                        MANAGEMENT
                                 Defendant(s).                PLAN AND
                                                                         SCHEDULING ORDER

------------------------------------------------------------------------X

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. This case (is) (is not) to be tried to a jury. [Circle one.]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within ___ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than ___ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5. All fact discovery shall be completed no later than _____. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial requests for production of documents to be served by _____.
    b. Interrogatories to be served by _____.

1

      c.      Depositions to be completed by _____.
      d.      Requests to Admit to be served no later than _____.

7.   a.    All <u>expert</u> discovery shall be completed no later than _____.
   [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, *i.e.*, the completion of all fact discovery.]

   b.    No later than thirty (30) days prior to the date in paragraph 5, *i.e.*, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    _____
    _____
    _____

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    _____
    _____

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    _____
    _____

      d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

13. [Other items, including those in Rule 26(f)(3).]

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. [Other]

15. The next Case Management Conference is scheduled for _____ at _____

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_____
Paul A. Engelmayer
United States District Judge

Dated:     New York, New York
_____

4