# POLLOCK | COHEN LLP

60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

Raphael Janove
Rafi@PollockCohen.com
(215) 667-8607

November 9, 2021

**VIA ECF**

Judge Paul A. Engelmayer
United States District Court
40 Foley Square, Room 2201
New York, NY 10007

      Re:   *Gill v. National Football League, et al.*, No. 21 Civ. 1032
              <u>Proposed Case Management Plan and Scheduling Order</u>

Dear Judge Engelmayer:

    Pursuant to your Honor's November 2, 2021, Order, Dkt. No. 52, the Parties conferred on November 5, 2021, and submit for consideration the Parties' proposed Case Management Plan and Scheduling Order, *see* Exhibit A. This proposed plan focuses on contract formation and sets a fact discovery deadline three months from the date of entry of this submitted Order—i.e., February 11, 2022.

    The Parties agree to submit a proposed Protective Order no later than November 19, 2021 for Your Honor's consideration prior to the exchange of any documentation.

    Because Defendants assert that many relevant documents are outside their possession or control, Plaintiff anticipates serving discovery requests on Neulion Inc. and certain foreign third-parties that Defendants have a pre-existing relationship with. To avoid extending the discovery schedule unnecessarily (e.g., through Hague Convention service of process, *see also* 28 U.S.C. § 1781(b)(2)), Plaintiff has requested Defendants' assistance in either accepting service on behalf of such third-parties or putting Plaintiff in contact with the third-parties' representatives by November 12 in order to secure deposition and document discovery.

    Defendants have contacted the foreign third-parties Deltatre and Overtier and presently believe that these third-parties will voluntarily produce all relevant and responsive documents in authenticated and admissible form in order to avoid the necessity of utilizing the Hague Convention. This cooperation is being predicated upon agreement from Plaintiff's counsel that such cooperation will not be

Hon. Judge Paul A. Engelmayer
November 9, 2021
Page 2 of 2

considered, or used in any argument, that the third-parties are voluntarily submitting to the jurisdiction of the Court.

    Respectfully submitted,

    /s/ *Raphael Janove*

    Christopher K. Leung
    Raphael Janove
    **Pollock Cohen LLP**
    60 Broad St., 24th Fl.
    New York, NY 10004
    Telephone: (212) 337-5361
    Chris@PollockCohen.com
    Rafi@PollockCohen.com

    *Counsel for Plaintiff Sietel Singh Gill and the Proposed Class*

    /s/ *Thomas A. Leghorn*

    Thomas A. Leghorn
    Jason M. Myers
    **London Fischer LLP**
    59 Maiden Ln, FL 41
    New York, NY 10038
    Telephone: (212) 331-9555
    tleghorn@londonfischer.com
    jmyers@londonfischer.com

    *Attorneys for Defendants National Football League and NFL Enterprises LLC*

Enclosures

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIETEL SINGH GILL, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, a New York unincorporated association, and NFL ENTERPRISES, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 1:21-cv-1032 (PAE)<br><br>**PROPOSED CASE MANAGEMENT PLAN GOVERNING DISCOVERY ON CONTRACT ISSUES** |

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3) and this Court's Opinion & Order, issued on November 2, 2021 Order (the "Order") (Dkt. No. 52):

1. All parties do not consent to conducting all further proceedings before Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. This case is to be tried by a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Court's decision on any motion for summary judgment on the contract claims.

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than 14 days from the date of this Order.

5. All fact discovery, as limited by the Order, is to be completed by: **February 11, 2021.**

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a.    Initial requests for production of documents to be served by **November 19, 2021**.

1

    b.    Interrogatories to be served by **November 19, 2021 (initial interrogatories) and January 7, 2022 (contention)**.

    c.    Depositions to be completed by **February 9, 2022**.

    d.    Requests to Admit to be served no later than **January 11 , 2022**.

7. The Parties do not anticipate expert discovery at this time.

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of fact discovery.

9. All counsel must meet for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. Counsel have discussed an informal exchange of information in aid of early settlement of this case (*see* Dkt. No. 48), but have been unable to resolve their differences to date. Counsel propose revisiting the issue of alternative dispute resolution within 30 days of any Order resolving any party's anticipated motion for summary judgment.

11. The Court will revisit the timing of a Final Pretrial Order, motions *in limine*, proposed *voir dire*, jury instructions and verdict forms, at an appropriate time following the resolution of any party's anticipated motion for summary judgment.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is **seven days**.

13. The parties are directed to (a) submit a proposed stipulated protective order to be used in this case no later than November 19, 2021, or else (b) inform the Court within such time that the parties are unable to agree to such a protective order, in which case the parties are further directed to provide the Court (i) a proposed protective order, and (ii) in a letter limited to two-pages, the reasons why such proposed order should be adopted the Court.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court, and except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. [Other]

15. The next Case Management Conference is scheduled for ___ at ____.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except for paragraphs 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

Dated:      New York, New York

_____, 2021

_____
Paul A. Engelmayer
United States District Judge

3