# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

IRVINE OFFICE
2505 MCCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

WWW.LONDONFISCHER.COM

LOS ANGELES OFFICE
800 WILSHIRE BOULEVARD, SUITE 1550
LOS ANGELES, CALIFORNIA 90017

April 1, 2022

**VIA ECF**

Honorable Judge Paul A. Engelmayer
United States District Court
 for the Southern District of New York
40 Foley Square
Room 2201
New York, New York 1007

      Re:    ***Gill v. National Football League, et***
                  Case No. 1:21-cv-01032 (PAE)
                  File No.: 810.0567597

Dear Judge Engelmayer:

      Pursuant to your order of March 28, 2022, this is the joint letter of the parties as to the status of the matter:

      The only issue for discussion is the Defendants' motion for summary judgment contemplated by your order of November of November 2, 2021 and as discussed at the ensuing case management conference. A pre-motion letter was not previously submitted because the Defendants had believed the contemplated motion was addressed at the case management conference. Discovery has been completed on the limited issue of contract formation and the Defendants believe that all the necessary documents have been exchanged demonstrating without any reasonable question of fact that the Plaintiff initially entered into a series of one year contracts with an NFL entity commencing with the 2013/2014 NFL season and that prior to the commencement of the 2019/2020 NFL season, the season at issue, Plaintiff was duly advised of the change in providers as well as the terms and conditions applicable to the 2019/2020 football season. The information provided to Plaintiff before he subscribed for the 2019/2020 season advised him that he would be contracting with OverTier and Deltatre for that season and that by using the GamePass International service, he was agreeing to those terms and conditions.

      Plaintiff does not dispute what emails were sent to him nor that the referenced terms and conditions were available to Plaintiff for his review, but Plaintiff's position is that the emails and documentation provided to him did not (a) sever his auto-renewing contractual relationship with the NFL, and (b) did not put him on notice that the NFL was attempting to remove itself as a party to an auto-renewing contract and insert new, contract parties, OverTier and/or Deltatre, unknown

to Plaintiff and with which Plaintiff was not privy. Plaintiff further contends that regardless of the merits of the NFL's contractual defenses, the documentation shows sufficient privity to sustain his implied warranty claim. Accordingly, if the Court allows Defendants to file a motion for summary judgment—notwithstanding their failure to alert the Court of their intent to do so within two weeks of the close of discovery—Plaintiff is confident that the Court will deny summary judgment. Plaintiff agrees to defer opening discovery on other issues, however, until this Court rules on Defendants' motion for summary judgment.

Counsel for the parties have been working collaboratively to agree upon the authentication and the admissibility of the documents secured from the non-parties OverTier and Deltatre and hope that agreement will be reached on all issues prior to the conference scheduled for Tuesday April 5, 2022. Counsel will advise the Court of what has been accomplished to authenticate and stipulate as to the admissibility of the non-party documents and the only issue will be to confirm that such is agreeable to the Court as well and possibly to aid the parties in finishing off any issue that remains unresolved at that time as to the documents.

Counsel have also discussed jointly preparing a stipulation of agreed facts which could aid both the parties and the Court in focusing the anticipated motion for summary judgment on legal issues and not factual disputes. We do not anticipate that stipulation will be completed prior to the conference with the Court but we have factored that into the briefing schedule for the motion for summary judgment we will propose to the Court. The schedule we are proposing to the Court is that Defendants' motion for summary judgment to be filed on or before May 16, 2022, opposition to be filed on or before June 20, 2022, and Defendants reply to be filed on or before July 8, 2022. The initial filing date of May 16th has been suggested to afford the parties time to complete the proposed stipulation of agreed facts and documents.

Counsel will be prepared to respond to any additional inquiries the Court may have of the parties.

> Respectfully Submitted
>
> LONDON FISCHER LLP
>
> Thomas A. Leghorn

TAL:lmn

cc: All Counsel via ECF

{N2114583.1}