# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

---

IRVINE OFFICE
2505 MCCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

www.LondonFischer.com

LOS ANGELES OFFICE
515 S FLOWER STREET, SUITE 1000
LOS ANGELES, CALIFORNIA 90071

May 18, 2022

**VIA ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      RE:    *Gill v. National Football League, et al.*
                Civil Action No. 21-cv-01032 (PAE)

Dear Judge Engelmayer:

      Defendants National Football League and National Football League Enterprises, LLC respectfully submit this letter requesting that three (3) exhibits annexed to the Joint Pretrial Statement (Doc. No. 70) are sealed as the documents contain proprietary and trade information to the National Football League, its' affiliates and licensees. The Defendants specifically request that the Court seal Document Numbers 70-1, 70-2, and 70-3 which are identified as "Highly Confidential – Attorney and Expert Eyes Only" contracts.

      Rule 4(B)(1) of Your Honor's Individual Rules and Practices permits a party to redact financial information, proprietary or trade secret information. The contracts submitted as Document Numbers 70-1, 70-2, and 70-3 have been submitted in redacted form, however, the remaining portions should be sealed from the public's view.

      The Second Circuit has held that in order to determine if a document may be sealed or redacted, the court must undergo a three-part inquiry, first determining whether a document is a "judicial document" relevant to the performance of the court's function, then determining the weight of the presumption of public access based on the value of the document to the court's exercise of power, and finally weighing competing considerations including privacy interests. Sellick v. Consol. Edison Co. of NY, Inc., No. 15-cv-9082 (RJS), 2017 U.S. Dist. LEXIS 43554, at *23-24 (S.D.N.Y. Mar. 23, 2017) (citing Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006)). In particular, this Court has permitted narrowly tailored redactions of filings in order to prevent the disclosure of confidential proprietary information damaging to competitive interests. See Leonard v John Hancock Life Ins. Co., No. 18-cv-4994-AKH, 2021 U.S. Dist. LEXIS 102680, at **12-13 (S.D.N.Y. May 26, 2021); Sellick v. Consol. Edison Co. of NY, Inc., No. 15-cv-9082 (RJS), 2017 U.S. Dist. LEXIS 43554, at *24-25 (S.D.N.Y. Mar. 23, 2017).

Moreover, the parties entered into a Stipulation and Proposed Protective Order which was So-Ordered by the Court on November 22, 2021[Doc. No. 57] in an effort to protect proprietary non-public information by permitting a confidential designation of such material. Disclosure of such material directly contradicts the purpose of the previously agreed upon protective order.

Here, the three contracts identified, and never objected to, as "Highly Confidential" contain proprietary information and trade secrets to the National Football League, its' affiliates and licensees. Disclosure of this information could be detrimental to the National Football League and provide competitors proprietary information.

Based upon the forgoing, the Defendants respectfully requests that the Court seal the aforementioned exhibits.

We thank the Court for its attention to this matter.

Respectfully Submitted,

**LONDON FISCHER LLP**

*Jason M. Myers*

Jason M. Myers