# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038
———

| IRVINE OFFICE | (212) 972-1000 | LOS ANGELES OFFICE |
| --- | --- | --- |
| 2505 MCCABE WAY, SUITE 100 | FACSIMILE: (212) 972-1030 | 800 WILSHIRE BOULEVARD, SUITE 1550 |
| IRVINE, CALIFORNIA 92614 | | LOS ANGELES, CALIFORNIA 90017 |

WWW.LONDONFISCHER.COM

November 30, 2022

**VIA ECF**
Honorable Judge Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square
Room 2201
New York, New York 1007

      RE:    *Gill v. National Football League*
                   Case No. 1:21-cv-01032 (PAE)

Dear Judge Engelmayer:

Our office represents Defendants National Football League and NFL Enterprises LLC (collectively, "Defendants") in this matter. The Defendants submit this letter in response to Your Honor's Order dated November 18, 2022 (Doc. No. 96).

The November 18 Order requested submission of additional documentation to assist the Court in its analysis of Defendants' motion for summary judgment. The Court specifically requested the following documents, and the Defendants' responses to those requests are as follows:

1. The 2013, 2014, 2015, and 2017 subscription terms and conditions refer to the "website terms and conditions." However, the record does not supply the website terms and conditions. Please provide copies of all website terms and conditions in place during this period.

   **Response**: As set forth in Defendants' motion for summary judgment, Plaintiff Gill first purchased a one-year subscription to Game Pass International in 2013. He purchased subsequent one-year subscriptions to Game Pass International for each NFL season through the 2019 NFL season, sometimes through an auto-renewal payment and sometimes not. Plaintiff's subscriptions to Game Pass International in 2013, 2014, 2015 and 2017 were subject to certain Subscription Terms and Conditions, which referenced and incorporated the NFL website's Terms and Conditions.

   Annexed hereto as **Exhibit "A"** is a copy of the website terms and conditions that were in effect on September 10, 2013, when Plaintiff Gill purchased his first subscription to Game Pass International. The September 2013 website terms and conditions were updated on October 15, 2013. A copy of the updated October 15, 2013 website terms and conditions is annexed hereto as **Exhibit "B"**.

{N2274155.1 }                         1

The updated October 15, 2013 website terms and conditions remained in place until the terms were updated on October 21, 2016. A copy of the website terms and conditions as of October 21, 2016 is annexed hereto as **Exhibit "C"**.

The NFL website terms and conditions were again updated in 2017. A copy of the 2017 website terms and conditions is annexed hereto as **Exhibit "D"**.

2. Defendants state that in 2017 and 2018, Mr. Gill supplied new credit card information to obtain a new subscription outside of the automatic renewal process of his previous subscriptions. However, although supplying internal records consistent with this proposition, defendants have not supplied the Court with records reflecting what was manifested to Mr. Gill during this process, *e.g.,* the electronic forms that he necessarily reviewed and/or completed in the course of supplying this information for a new subscription. Please supply a complete set of such records. Please also document whether Gill signed up for the new subscriptions under the same email account and/or username as before.

   **Response**: Prior to the 2019 NFL season when OverTier received the rights to, and began providing, Game Pass International, a third-party vendor of NFL International called Endeavor Streaming operated the product and maintained the records related to billing and subscriptions. Endeavor Streaming's operation of Game Pass International ended at the conclusion of the 2018 NFL Season. In response to the Court's November 18 Order, in addition to the NFL Defendants searching their own records, our office contacted Endeavor Streaming and requested any records relating to Plaintiff Gill's 2017 and 2018 subscriptions and any electronic forms provided to Plaintiff Gill for payment. Endeavor Streaming has advised our office that it has not been able to locate the requested documents/information.

   Although Defendants have not been able to locate any additional documents responsive to the Court's request, Defendants respectfully refer the Court to the evidence already submitted with their motion. Specifically, Defendants refer to the Declaration of Max Boigon (Doc. No. 78, ¶¶ 12-15) submitted in support of their motion for summary judgment, which as the Court notes shows that Plaintiff did not subscribe by auto-renewal in 2017 and 2018, and utilized different credit cards to pay for those subscriptions. Although this record does not display the actual e-mail address utilized by Mr. Gill for his subscriptions, column G ("e-mail_addr") of this exhibit shows that Mr. Gill used the same e-mail address for each of his subscriptions from 2013 through 2018.

3. The 2017 terms and conditions, as supplied to the Court at Dkt. 70-8, are cut off, so as to make unavailable to the Court terms beginning with paragraph 5. Please supply a complete and legible version of these terms and conditions.

**Response**: A copy of the complete 2017 Subscription Terms and Conditions, previously submitted as Docket No. 70-8, is annexed hereto as **Exhibit "E"**.

4. On the Court's review, it does not appear that at any time after Mr. Gill first subscribed to NFL Game Pass in 2013, an existing subscriber, other than by reading the latest terms and conditions, would have been alerted to a change in the identity of the party offering the product. Please provide copies of any document, email or other communication alerting the subscriber to the identity of his or her counterparty.

   **Response**: Defendants respectfully refer the Court to the documentary proof submitted in support of their motion for summary judgment, including without limitation: paragraphs 25 through 31 of the Joint Stipulation of Facts (Doc. No. 70), as well as Exhibit I (Doc. No. 70-9) Exhibit K (Doc. No. 70-11), Exhibit L (Doc. No. 70-12), Exhibit O (Doc. No. 70-15), and Exhibit P (Doc. No. 70-16) of the Joint Stipulation of Facts. Defendants also refer the Court to the Declaration of Max Boigon (Doc. No. 78).

   It has been stipulated that Plaintiff Gill received each of the emails sent on June 19, 2019 (Ex. I), July 1, 2019 (Ex. K), July 16, 2019 (Ex. L), August 28, 2019 (Ex. O), and October 28, 2019 (Ex. P). The June 19, 2019 (Ex. I) and July 1, 2019 (Ex. K) email communications directly advised subscribers, including Plaintiff Gill, of the change of provider to Game Pass International for the 2019 NFL Season. Each of those email communications identified OverTier Operations at the bottom of the page, and included a link to the applicable Subscription Terms and Conditions for the 2019 NFL season, which state expressly that OverTier was the contracting party.

   The July 16, 2019 (Ex. L) email communication was a reminder that updates were required to the Game Pass application as a result of the change in the service provider for Game Pass International. The July 19, 2019 e-mail communication also identified OverTier Operations at the bottom of the page, and included a link to the applicable Subscription Terms and Conditions.

   The August 28, 2019 email (Ex. O) confirmed Plaintiff Gill's subscription to Game Pass International for the 2019 NFL season and advised him that his 2019 subscription would end on August 1, 2020. As with the prior e-mail communications, the August 28, 2019 email identified OverTier Operations at the bottom of the page, and included a link to the applicable Subscription Terms and Conditions. (Ex. O).

   The October 28, 2019 email (Ex. P) – sent after the start of the 2019 NFL Season –notified Plaintiff Gill that there were new updates to the 2019 Subscription Terms and Conditions for NFL Game Pass Australian subscribers only. The October 28, 2019 email affirmatively stated "[i]f you continue to use our products and services on or after October 29, 2019, you are agreeing to the updated Terms and Conditions." (Ex. P). As with the prior e-mails, that email identified OverTier Operations and provided a link to the applicable Subscription Terms and Conditions.

We hope that this information and additional documentation further assists the Court in its analysis of Defendants' motion for summary judgment. We thank the Court for its attention to this matter and look forward to appearing before Your Honor on December 6, 2022.

Respectfully Submitted,

*Thomas A. Leghorn*

Thomas A. Leghorn, Esq.